# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | }<br>}<br>} |
| Plaintiff, | } CIVIL ACTION NO.<br>}<br>}<br>} |
| v. | }<br>}<br>} |
| CINRAM WIRELESS, L.L.C., | }<br>} JURY TRIAL DEMAND<br>} |
| Defendant. | } |

## NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964, as amended, to correct unlawful employment practices on the basis of religion and to make whole Eunice Arredondo. The Defendant violated Title VII by discriminating against Eunice Arredondo on the basis of religion as a member of the Soldiers of the Cross of Christ Church, which is a denomination of the Christian faith, by refusing to accommodate her religious beliefs and terminating her employment as a result thereof. Defendant refused to allow Ms. Arredondo to continue to work a schedule that conflicted with her religious belief that she is not to work on the Sabbath. For members of her denomination, the Sabbath is observed as a time of worship from sundown Friday until sundown Saturday.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. Sections 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 706(f)(1) and

(3) of Title VII of the Civil Rights Act of 1964, as amended, ("Title VII"), 42 U.S.C. Section 2000e5(f)(1) and (3), and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. Section 1981A.

2. The employment practices alleged to be unlawful were and are being committed within the jurisdiction of the United States District Court for the Northern District of Texas.

## PARTIES

3. The Plaintiff, Equal Employment Opportunity Commission (the "Commission"), is an agency of the United States of America charged with the administration, interpretation and enforcement of Title VII and is expressly authorized to bring this action by Section 706(a) of Title VII, 42 U.S.C. Section 2000e-5(a).

4. At all relevant times, the Defendant has been and is now doing business in the State of Texas, and has continuously had at least fifteen employees.

5. At all relevant times, the Defendant has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

## STATEMENT OF CLAIMS

6. More than thirty days prior to the institution of this lawsuit, Eunice Arredondo filed a charge with the Commission alleging violations of Title VII by the Defendant. All conditions precedent to the institution of this lawsuit have been fulfilled.

7. Since at least October 2007, the Defendant has engaged in unlawful employment practices in violation of Section 703(a) of Title VII, 42 U.S.C. § 2000e-2(a). Specifically, Defendant changed the schedule for workers such that Ms. Arredondo would be required to work at times during the observance of her Sabbath (between sundown on Friday through sundown on

Saturday) in contravention of her sincerely held religious beliefs. Despite having been given notice by Ms. Arredondo about the conflict between the company's new requirement and her religious beliefs, the Defendant failed or refused to make a reasonable effort to resolve the conflict and thereby accommodate Ms. Arredondo. The Defendant then terminated Ms. Arredondo's employment in March 2008, when she did not comply with the company's scheduling requirements. There was no undue hardship to the Defendant's business operations that would have precluded the employer from reasonably accommodating Ms. Arredondo's religious beliefs or observances.

8. The effects of the practices complained of above have been to deprive Eunice Arredondo of equal employment opportunities and to otherwise adversely affect her status as an employee because of her religious beliefs.

9. The unlawful employment practices complained of in paragraph 8 above were intentional.

10. The unlawful employment practices complained of in paragraph 8 above were done with malice or with reckless indifference to the federally protected rights of Eunice Arredondo.

### PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining the Defendant, its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in any employment practice which discriminates on the basis of religion and, specifically, from failing to accommodate employees' religious beliefs.

B.      Grant a permanent injunction enjoining the Defendant, its officers, successors, assigns, and all persons in active concert or participation with it, from subjecting its employees to discharge because of religion.

C.      Order the Defendant to institute and carry out policies, practices and programs which provide equal employment opportunities for employees like Eunice Arredondo which eradicate the effects of its past and present unlawful employment practices.

D.      Order the Defendant to make whole Eunice Arredondo by providing appropriate back pay with prejudgment interest, in amounts to be proved at trial, and other affirmative relief necessary to eradicate the effects of its unlawful practices, including but not limited to, rightful-place reinstatement.

E.      Order the Defendant to make whole Eunice Arredondo by providing compensation for past and future pecuniary losses resulting from the unlawful practices described in paragraphs 7-8 above, including but not limited to lost wages, job search expenses and medical expenses not covered by the Defendant's employee benefit plan and other benefits in amounts to be determined at trial.

F.      Order the Defendant to make whole Eunice Arredondo by providing compensation for past and future non-pecuniary losses resulting from the unlawful practices described in paragraphs 7-8 above, including emotional pain, suffering, humiliation and inconvenience in amounts to be determined at trial.

G.      Order the Defendant to pay Eunice Arredondo punitive damages for its malice or reckless indifference described in paragraphs 7-8 above in an amount to be determined at trial.

H.      Grant such further relief as the Court deems necessary and proper.

I.    Award the Commission its costs in this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

>
> Respectfully submitted,
>
>
> JAMES L. LEE
> Deputy General Counsel
>
> GWENDOLYN YOUNG REAMS
> Associate General Counsel
>
> /s Robert A. Canino
> _____
> ROBERT A. CANINO
> Regional Attorney
> Oklahoma Bar No. 011782
>
> /s Suzanne M. Anderson
> _____
> SUZANNE M. ANDERSON
> Supervisory Trial Attorney
> Texas Bar No. 14009470
>
> /s William C. Backhaus
> _____
> WILLIAM C. BACKHAUS
> Senior Trial Attorney
> Texas Bar No. 01493850
>
>
> EQUAL EMPLOYMENT OPPORTUNITY
> COMMISSION
> Dallas District Office
> 207 S. Houston, Third Floor
> Dallas, Texas 75202
> (214) 253-2742
> (FAX) 253-2749